# ATTACHMENT #1

Electronically Filed
5/22/2019 3:43 PM
First Judicial District, Benewah County
Deanna Bramblett, Clerk of the Court
By: Sheena Weaver, Deputy Clerk

ANDREW P. DOMAN ISBA#3879
PETE C. ERBLAND ISBA#2456
LAKE CITY LAW GROUP PLLC
907 Main Ave
St. Maries, ID 83861
Telephone: (208) 245-9155
Facsimile: (208) 245-1095
adoman@lclattorneys.com

*Attorneys for Plaintiff Topsy Turvy Ranch, LLC*

**THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BENEWAH**

| | | |
|---|---|---|
| TOPSY TURVY RANCH LLC,<br>An Idaho Limited Liability Company,<br>    PLAINTIFF.<br><br>v.<br><br>M.A. DEATLEY CONSTRUCTION INC,<br>A Washington Incorporation,<br>    DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  CV CV05-19-0185<br><br>COMPLAINT AND DEMAND FOR<br>JURY TRIAL<br><br>Wayman (District), Scott |

COMES NOW the Plaintiff, TOPSY TURVY RANCH, LLC, by and through their attorney, Andrew P. Doman, of Lake City Law Group PLLC., and hereby complains and allege as follows:

    1.  TOPSY TURVY RANCH, LLC is an Idaho Limited Liability Company (Topsy Turvy), with its principal place in business located at 377149 Highway 95, Desmet Idaho 83824. Julie M. Schwanz and Joel A. Doupe are members of Topsy Turvy.

    2.  Defendant M.A. DeAtley Construction, Inc. (DeAtley) is a Washington Business Corporation, with its principal place of business located at 829 Evans Road, Clarkston Washington 99403.  DeAtley is licensed to transact business in the state of Idaho.

COMPLAINT AND JURY TRIAL
DEMAND

3. Jurisdiction and venue are proper before this Court by virtue of Idaho Code §5-404, and Idaho Code §§5-514(a), (b) because this is an action involving the transaction of business and commission of a tortious act within Benewah County, Idaho.

4. Topsy Turvy owns a 250 acre farm and ranch located on the East side of US Highway 95, approximately five miles South of Desmet Idaho (the Farm).

5. In 2017, DeAtley, through its employees and/or agents, approached Topsy Turvy to utilize a portion of the Farm for disposal of excess excavation material generated from a highway project on US Highway 95, referred to as Smith Creek to Sheep Creek, Stage 2 Project. The parties executed a "Land Agreement" in May of 2017, defining the terms and conditions of their agreement, and DeAtley initiated the project on the Topsy Turvy Ranch in June of 2017, ending in November of the same year. The terms of the Land Agreement were negotiated by Topsy Turvy and DeAtley through oral and written communications between the parties.

6. The Land Agreement detailed DeAtley's obligations to be performed as part of the project, and also contained a map which delineated the areas of the Farm available for use by DeAtley. The material of terms and conditions of the Land Agreement provide as follows:

A. Two excavation material disposal sites (Sites 1 and 2) were identified on the map where DeAtley was authorized to dispose of the excess excavation material.

B. DeAtley was required to strip existing topsoil from Sites 1 and 2 prior to placing excess excavation material on site, and then to cover the excess excavation material with the topsoil.

C. DeAtley was required to shape Sites 1 and 2 to contour with the existing terrain.

D. DeAtley was provided a 5 acre parcel of Site 2 as a staging area.

COMPLAINT AND JURY TRIAL
DEMAND

E.  DeAtley was responsible for winterizing and reseeding Sites 1 and 2 if left open after October 31, 2017.

7.  DeAtley failed to perform the material terms and conditions of the Land Agreement, through its employees and agents, as follows:

A.  DeAtley disposed of excavation material outside of Sites 1 and 2, without the consent of Topsy Turvy.

B.  DeAtley used Sites 1 and 2 to dispose of solid wastes, construction debris and trash, which was never agreed to by Topsy Turvy as part of the terms and conditions of the Land Agreement.

C.  DeAtley failed to remove the topsoil from Sites 1 and 2 prior to placing the excess excavation material on site.

D.  DeAtley failed to replace the topsoil back on Sites 1 and 2 once the excess excavation material had been deposited.

E.  DeAtley failed to properly contour Sites 1 and 2 following deposit of the excess excavation material.

F.  DeAtley utilized other areas on Topsy Turvy's property, as staging areas, without the consent of Topsy Turvy.

G.  DeAtley made no attempt to reclaim the staging areas to their natural condition prior to leaving the site.

H.  DeAtley made no attempt to winterize the site after October 31, 2017.

8.  Topsy Turvy notified DeAtley of the damage to its property caused by DeAtley's failure to perform its obligations under the the Land Agreement.  DeAtley returned to the property in April of 2018, but was unsuccessful in remedying the damage caused to Topsy

COMPLAINT AND JURY TRIAL
DEMAND

Turvy's property.

9.  The amount of damages sustained by Topsy Turvy exceeds $10,000.00.

**FIRST CAUSE OF ACTION-
DAMAGE TO REAL PROPERTY.**

10.  Topsy Turvy repeats and realleges the statements contained in paragraphs 1-9 as if set forth in full herein.

11.   DeAtley was negligent by failing to perform its obligations under the Land Agreement.  Deatley's negligence is the proximate cause of temporary damage to Topsy Turvy's Farm, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION-
BREACH OF CONTRACT**

12.  Topsy Turvy repeats and realizes the statements contained in paragraphs 1-11 as in set forth in full herein.

13.  DeAtley breached the Land Agreement with Topsy Turvy by failing to perform its obligations thereunder.  Topsy Turvy has been damaged as a result thereof, in an amount to be proven at trial.

**THIRD CAUSE OF ACTION-
TRESPASS**

14.  Topsy Turvy repeats and realleges the statements contained in paragraphs 1-13 as if said forth in full herein.

15.  DeAtley trespassed upon the lands of Topsy Turvy when it disposed of excess excavation material off Sites 1 and 2, knowing that it had no permission to do so.  Topsy Turvy has been damaged as a result thereof, in an amount to be proven at trial.

COMPLAINT AND JURY TRIAL
DEMAND

4

## PRAYER FOR RELIEF

Wherefore, Topsy Turvy seeks the following relief from this Court:

1.  On its First Cause of Action for Damage to Real Property caused by DeAtley's negligence, for damages, in an amount to be proven at trial.

2.  On its Second Cause of Action for Breach of Contract, for damages, in an amount to be proven at trial.

3.  On its Third Cause of Action for Trespass, for treble damages, in an amount to be proven at trial.

4.  For costs as allowed by law.

5.  For attorney fees pursuant to Idaho Code §§6-202 (3)(b), 12-120(3) and 12-121.

6.  For prejudgment interest from the acts complained of until the entry of judgment herein.

7.  For all their relief just in equitable.

DATED this 22 day of May, 2019.

Lake City Law Group PLLC

_Andrew P. Doman_, Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to I.R.C.P. 38(b), Plaintiff demands a trial by jury of not less than twelve persons in this matter for all matters which may be tried to said jury.

_Andrew P. Doman_, Attorney for Plaintiff

COMPLAINT AND JURY TRIAL
DEMAND